IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLIP TOOMER,<br><br>*Petitioner*,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, *et al*,<br><br>*Respondents*. | Civil Action No. 2:12-cv-128<br><br>Hon. William S. Stickman IV<br>Hon. Maureen P. Kelly |

## ORDER OF COURT

AND NOW, this __7__ day of July 2025, after Petitioner Phillip Toomer ("Toomer") filed a Petition for Writ of Habeas Corpus (ECF No. 1), an Amended Petition for Writ of Habeas Corpus (ECF No. 19), and a Second Amended Petition for Writ of Habeas Corpus (ECF No. 33),[1] a thorough Report and Recommendation was filed by Magistrate Judge Maureen P. Kelly recommending denial due to untimeliness and the denial of a certificate of appealability (ECF No. 70). The Court has received Toomer's Objections (ECF No. 73) and conducted an independent *de nov*o review of the entire record. The Court hereby ADOPTS Magistrate Judge Kelly's Report and Recommendation as its Opinion. It concurs with her thorough legal analysis, legal conclusions, and recommendations. The Court has independently reached the same conclusions as Magistrate Judge Kelly.

---

[1] In 2004, Toomer was convicted in the Court of Common Pleas of Washington County, Pennsylvania at Docket No. CP-63-CR-2458-2002 of one count of third-degree murder, two counts of attempted homicide, two counts of aggravated assault, and two counts of recklessly endangering another person. He is serving an aggregate sentence of 35 to 70 years of imprisonment. The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state-court judgment.

Toomer's conviction became final on September 3, 2007. The Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") statute of limitations clock ran until July 14, 2008, when Toomer filed his first timely Pennsylvania Post Conviction Relief Act Petition. When the Pennsylvania Supreme Court denied allocator, the AEDPA statute of limitations clock began running on April 4, 2011. Toomer's habeas petition was filed on February 3, 2012. (ECF No. 1). To have been timely, it had to be filed on or before May 24, 2011. *See* 28 U.S.C. § 2244(d). Toomer has acknowledged that this is correct. (ECF Nos. 33 and 70).

The Court first concurs with Magistrate Judge Kelly that the trigger date for Toomer's Ground One (that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963) and *Napue v. Illinois*, 360 U.S. 264 (1959) through the alleged agreement between it and Harris for Harris' cooperation in exchange for preferential treatment in another criminal proceeding) was when his conviction became final, September 3, 2007. Hence, this claim is untimely.

The Court further concurs with Magistrate Judge Kelly that Toomer failed to establish his entitlement to equitable tolling as to the remaining portion of Ground Two (alleged ineffectiveness of trial counsel for failing to interview and present testimony of a witness with allegedly exculpatory information), Ground Three (alleged failure to establish Toomer's guilt of aggravated assault and/or attempted homicide and these convictions violate due process) and Ground Four (alleged ineffectiveness of trial counsel for failing to object to alleged prosecutorial misconduct during closing). After its thorough review of the record, the Court agrees with Magistrate Judge Kelly that "the facts of this case, as they appear on the record, do not support the conclusion that [Toomer's] first PCRA counsel's behavior provided any impediment to filing a timely federal habeas petition." (ECF No. 70, p. 21). The Court finds that no extraordinary circumstances interfered with Toomer's ability to file a federal habeas petition.

Lastly, the Court also concurs with Magistrate Judge Kelly – for the reasons set forth in her Report and Recommendation – that Toomer failed to meet his burden to demonstrate actual innocence. (*Id.* at 22-29). In sum, the Court agrees with her thorough analysis and ultimate conclusion that:

> [t]he evidence supports the conclusion that [Toomer] shot at three fleeing men, hit one in the back, and killed him. In their declarations, both Majors and Green admit that they did not see the shooting, and thus can provide no evidence to refute this. [ ] Petitioner cannot show that it is more likely than not that no reasonable juror would have convicted him in light of the presumably new evidence proffered in Majors' and Green's declarations. Instead, the statements in the declaration simply are not credible, based on their timing and strong inculpatory evidence presented at trial.

(*Id.* at 29).

The Court hereby OVERRULES Toomer's Objections (ECF No. 73).

IT IS HEREBY ORDERED that Toomer's Petition for Writ of Habeas Corpus (ECF No. 1) along with its amendments (ECF Nos. 19 and 33) are DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED. Reasonable jurists would not find the Court's denial of relief due to untimeliness debatable or wrong.[2]

---

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On the other hand, when a district court has rejected a constitutional claim on its merits, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong, a demonstration that [ ] includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (citation omitted).

IT IS FINALLY ORDERED that pursuant to Federal Rule of Appellate Procedure 4(a)(1), if Toomer desires to appeal from this Order, he must do so within thirty (30) days by filing a notice of appeal as provided in Federal Rule of Appellate Procedure 3.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE